1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11

FABIAN ZAVALA-ICIDA,

12

           Defendant-Petitioner,

13

  vs.

14

UNITED STATES OF AMERICA,

15

           Plaintiff-Respondent.

16

CASE NO. 07cv761 *related to* 03cr2105

**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. 2255**

(Doc. No. 78)

17
18
19

      Petitioner Fabian Zavala-Icida, proceeding pro se, has filed a motion for relief under 28 U.S.C. § 2255 from his sentence of 84 months in custody, to be followed by three years of supervised release, resulting from his conviction for violating 8 U.S.C. § 1326. (Doc. No. 78.)

20
21
22
23
24

      On May 10, 2007, the Court ordered Respondent to show cause why Petitioner's motion should not be granted. (Doc. No. 80.) On August 13, 2007, Respondent filed an opposition to the motion. (Doc. No. 84.) Petitioner requested several extensions of time to reply, the last on December 5, 2007, and was given until January 28, 2008 to respond to Respondent's opposition. Petitioner did not file a reply. For the following reasons, the Court denies Petitioner's motion.

25

## BACKGROUND

26
27
28

      Petitioner was admitted to the United States as a legal permanent resident on February 16, 1978. In 1992, he was convicted of possession for sale of a controlled substance, in violation of California Health & Safety Code Section 11378. Although petitioner faced deportation proceedings,

07cv2114

he was granted a waiver of inadmissibility pursuant to Section 212(c) of the Immigration and Naturalization Act.

On April 25, 1994, Petitioner was again convicted of possession for sale of a controlled substance and was sentenced to 1 year in jail, later increased to 2 years upon revocation of his probation in 1995. In 1995, Petitioner was convicted of auto theft, receiving a sentence of over 1 year in custody. On August 13, 1996, he was again convicted of auto theft, this time sentenced to 16 months' incarceration. In 1997, Petitioner was subject to immigration removal proceedings. On September 10, 1997, the immigration court denied a request for an additional waiver of inadmissibility, ordering Petitioner deported. The Bureau of Immigration Appeals denied Petitioner's appeal on December 30, 1998. On March 18, 1999, the Petitioner's motion for review of the BIA's decision was dismissed for lack of jurisdiction. Petitioner was then convicted of second degree burglary, pursuant to California Penal Code § 459, receiving a sentence of two years in prison. Petitioner was deported to Mexico on May 20, 2000. On approximately August 15, 2000, Petitioner re-entered the United States and was later arrested for a parole violation in 2003. On May 31, 2003, Petitioner was again deported.

On July 22, 2003, in the instant case, Petitioner was found in the United States and arrested. He was found guilty on November 3, 2004, of being an alien found in the United States after a previous deportation under 8 U.S.C. § 1326, and sentenced to 84 months in prison, followed by three years of supervised release. Petitioner appealed this conviction, arguing that the deportation underlying the conviction was invalid and that his counsel was ineffective. The United States Court of Appeals for the Ninth Circuit affirmed the conviction in an unpublished opinion. See United States v. Zavala-Icida, 201 F.App'x 494 (9th Cir. Sept. 11, 2006).

Petitioner now attacks his sentence, claiming ineffective assistance of counsel.

**DISCUSSION**

Legal Standard

Under 28 U.S.C. § 2255, the court may vacate, set aside, or correct a sentence which was "imposed in violation of the Constitution or laws of the United States." To establish a claim of ineffective assistance of counsel, a defendant must show: (1) that counsel's performance was deficient

and (2) that the deficient performance prejudiced the defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  The proper measure of attorney performance is "simply reasonableness under prevailing professional norms."  <u>Id.</u> at 688.  In determining whether counsel's errors prejudiced the defense, the court must consider whether "the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors."  <u>Id.</u> at 696.

<u>Petitioner's Claims</u>

1.    <u>Ineffective Assistance of Counsel – Speedy Trial Act</u>

First Petitioner claims he received ineffective assistance of counsel because his counsel failed to challenge a violation of the Speedy Trial Act, which requires that an information or indictment be filed within 30 days of an individual's arrest.  <u>See</u> 18 U.S.C. § 3161(b).  Petitioner asserts he was arrested on June 22, 2003 and the complaint was filed against him on June 23, 2003 but that an indictment was not returned until July 30, 2003.

The Court finds this contention is not correct.  As Respondent points out, the court docket indicates Petitioner was arrested on July 22, 2003, indicted on July 30, 2003, and arraigned on the indictment August 5, 2003.  Because only 8 days elapsed between Petitioner's arrest and indictment, no Speedy Trial Act violation occurred.

2.    <u>Ineffective Assistance of Counsel – Depriving Petitioner Benefit of Fast Track Program</u>

Petitioner next asserts counsel was ineffective for not filing a downward departure under the fast track program for illegal aliens despite counsel's knowledge that Petitioner's chances of prevailing in court were minimal.

Respondent argues there is no basis to conclude that Petitioner was not adequately informed of his options.  Respondent notes Petitioner's own affidavit acknowledges that he was advised of the Government's 30 month plea offer by the last two lawyers assigned to him.

The Court finds Petitioner's argument on this point unpersuasive.  As Respondent points out, Petitioner was aware that a 30-month plea bargain offer was available and Petitioner has not offered evidence establishing that the advice by counsel to reject an allegedly 30-month plea bargain reflected a failure to exercise reasonable competence.  <u>Cf.</u> <u>United States v. Kidd</u>, 734 F.2d 409 (9th Cir. 1984) (counsel's recommendation that defendant reject a guilty plea did not give rise to an ineffective

1    assistance claim).

2    **3.      Ineffective Assistance of Counsel - Failure to File Stay of Deportation**

3           Finally, Petitioner claims counsel was deficient for not filing a stay of deportation in a timely

4    matter.

5           The Court concludes counsel's failure to file a stay of deportation cannot serve as the basis for

6    Petitioner's ineffective assistance claim.  8 U.S.C. § 1229b(c)(6) precludes a person who was once

7    granted relief pursuant to section 212(c) from receiving such relief again.  Maldanado-Galindo v.

8    Gonzales, 456 F.3d 1064, 1067-69 (9th Cir. 2006).  Because Petitioner had already been granted a

9    waiver pursuant to Section 212(c) of the Immigration and Naturalization Act in 1993, he was

10   statutorily barred from receiving cancellation of removal.  Accordingly, he was not prejudiced by

11   counsel's failure to file a timely stay of deportation.

12                                       **CONCLUSION**

13          For the foregoing reasons, the Court hereby **DENIES** Petitioner's motion to vacate his

14   sentence pursuant to 28 U.S.C. § 2255.  The Clerk of the Court is ordered to close the case.

15   Furthermore, the Court denies petitioner a certificate of appealability.[1]

16

17   **IT IS SO ORDERED.**

18

19

20   **DATED:  April 1, 2008**

21                                        **IRMA E. GONZALEZ, Chief Judge**
                                          **United States District Court**

22

23

24

25

26

27

28          [1]See 28 U.S.C. § 2253(c) (providing that a certificate shall issue "only if the applicant has made a substantial
     showing of a denial of a constitutional right").